UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| BILLY B. YEAGER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:17-CV-38 |
| | ) |
| WAUPACA FOUNDRY, INC., | ) |
| | ) |
|     Defendant. | ) |
| | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I.  NATURE OF THE CASE**

1.   Plaintiff, Billy B. Yeager ("Yeager"), by counsel, brings this action against Defendant, Waupaca Foundry, Inc. ("Defendant") alleging violations of the American with Disabilities Act , as amended, 42 U.S.C. § 12101 *et. seq.* ("ADAAA").

**II.  PARTIES**

2.   Yeager is a United States citizen and at all relevant times resided in Spencer County, which is within the geographical boundaries of the Southern District of Indiana.

3.   Defendant is a corporation which conducts business within the geographical boundaries of the Southern District of Indiana.

**III.  JURISDICTION AND VENUE**

4.   Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. § 12117.

5. Defendant is an "employer" as defined by 42 U.S.C. § 12111(5)(A).

6. Yeager is a qualified individual with a disability as that term is defined by the ADAAA. At all relevant times, Defendant had knowledge of Yeager's disability, Yeager had a record of being disabled and/or Defendant regarded Yeager as being disabled.

7. Yeager exhausted his administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission alleging disability discrimination and retaliation.  He files this complaint within ninety (90) days of receipt of his Notice of Right to Sue.

8. All events, transactions, and occurrences concerning this case having arisen in the geographical environs of the Southern District of Indiana, venue is proper in this Court.

### IV. Factual Allegations

9. Yeager was hired by the Defendant on or about December 13, 1999. Yeager is currently employed by Defendant as a Crane Cab Operator.

10. During all relevant time periods, Yeager met or exceeded Defendant's legitimate performance expectations.

11. Yeager suffers from asthma, which substantially limits his major life activity of breathing.  Thus, Yeager is disabled within the meaning of the Americans with Disabilities Act, as amended (ADAA) and/or has a record of a disability and/or is regarded as disabled by the Defendant.

12. Yeager's disabling condition began approximately in our about early 2014, concomitant with a co-worker Todd May ("May") beginning work in the crane where Yeager also works. The crane is completely enclosed and has very little ventilation.

13. May regularly smokes cigarettes in the crane during work hours, which is against Defendant's policy and Indiana law.  May's smoking led to an acute attack of Yeager's disabling condition which sent Yeager to the emergency room in early 2014.

14. Yeager has repeatedly asked Defendant to prevent May from smoking in the crane but Defendant has not. Yeager went so far as to bring Respondent an order from his physician, Layne D. Robinson, M.D., in August 2014 to put an end to the smoking due to Yeager's disability. Again, Defendant did nothing. Yeager then gave the same order to his Plant Manager, Bruce Tesch, in September 2014. However, May's smoking and Yeager's disability attacks have continued.

15. In or about April 2015, Yeager hired an attorney who sent a letter to Defendant to address this matter and asserted Yeager's rights under the ADAA. Defendant responded that it would take care of the matter. However, smoking is still occurring in the crane as evinced by the smell of smoke and cigarette ashes lying everywhere in the crane. Defendant has retaliated against Yeager by allowing the smoking to continue and by taking no remedial action.

16. Importantly, due to the disabling attacks caused by the smoking, Yeager has missed an estimated $36,000 worth of work time over the last 30 months due to the

preventable disability attacks, which in turn, has caused him to not receive his full raise and bonus potential due to the missed work time. Further, in retaliation, Defendant required Yeager to rotate out of his crane position to handle more laborious job duties, while the similarly-situated non-disabled day shift crane operators were not required to rotate.

17. Defendant has failed to accommodate Yeager's disability, failed to engage in the interactive process, failed to rectify an easily preventable situation and discriminated against Yeager based on his disability.

### V. LEGAL ALLEGATIONS

#### COUNT I-VIOLATION OF THE ADA - DISCRIMINATION

18. Yeager hereby incorporates paragraphs one (1) through seventeen (17) of his Complaint.

19. Defendant violated Yeager's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. by failing to accommodate Yeager's disability and by failing to engage in the interactive process.

20. Defendant's actions were intentional, willful and in reckless disregard of Yeager's rights as protected by the ADA.

21. Yeager has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

#### COUNT II – VIOLATION OF THE ADA - RETALIATION

22. Yeager hereby incorporates paragraphs one (1) through twenty-one (21) of his Complaint.

23. Yeager engaged in protected activity under the ADA.

24. Defendant retaliated against Yeager for engaging in protected activity.

25. Defendant violated Yeager's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

26. Defendant's actions were intentional, willful and in reckless disregard of Yeager's rights as protected by the ADA.

27. Yeager has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Billy B. Yeager, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Provide reasonable accommodation to Yeager for his disability, including but not limited to cessation of smoking in the crane;

2. Pay Plaintiff's lost wages and benefits;

3. Pay to Plaintiff compensatory damages, including, lost future earning capacity;

4. Pay to Plaintiff punitive damages;

5. Pay to Plaintiff pre- and post-judgment interest;

6. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

7. Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted,

/s Lauren E. Berger_____
Kyle F. Biesecker, Atty. No. 24095-49
Lauren E. Berger, Atty. No. 29826-19
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone:   (812) 424-1000
Facsimile:   (812) 424-1005
Email:       kfb@bdlegal.com
             lberger@bdlegal.com

*Attorneys for Plaintiff, Billy B. Yeager*

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Billy B. Yeager, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

    Respectfully submitted,

    /s Lauren E. Berger_____
    Kyle F. Biesecker, Atty. No. 24095-49
    Lauren E. Berger, Atty. No. 29826-19
    BIESECKER DUTKANYCH & MACER, LLC
    411 Main Street
    Evansville, Indiana 47708
    Telephone:  (812) 424-1000
    Facsimile:   (812) 424-1005
    Email:       kfb@bdlegal.com
                  lberger@bdlegal.com

*Attorneys for Plaintiff, Billy B. Yeager*